IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIKRI BAYRAMOGLU, | 1:08-cv-01517 LJO YNP [DLB] (HC) |
| Petitioner, | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| vs. | |
| J.D. HARTLEY, Warden | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

Venue for a habeas action is proper in either the district of confinement or the district of conviction. 28 U.S.C. A. § 2241 (d). However, it is preferable for petitions challenging a conviction or sentence to be heard in the district of conviction while petitions challenging the manner in which the sentence is being executed be heard in the district of confinement. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

In this case Petitioner was convicted in Marin County in the Northern District of California and is confined at Chuckawalla Valley State Prison in the Southern District of California. Petitioner complains that he was not given access to the Turkish Embassy at the time of trial and that he was denied a fair trial due to jury misconduct. (Pet. at 8). Petitioner is challenging his conviction from the Marin County Superior Court; therefore, the petition should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a case

-1-

-2-

filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

Dated:   **September 25, 2009**                          **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE